# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse  40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

## MOTION INFORMATION STATEMENT

**Docket Number(s):** 20-3626 (L); 20-3775 (XAP)

**Caption [use short title]**

**Motion for:** partial severance of appeals only as to Defendant-Appellee-Cross Appellant Barclays Bank PLC, stay and remand of the action as to Defendant-Appellee-Cross Appellant Barclays Bank PLC only

**Set forth below precise, complete statement of relief sought:**
(1) partial severance of appeals only as to Appellee Barclays Bank PLC ("Barclays"), (2) stay of the severed appeals as to Barclays, and (3) limited remand of the severed matter to enable the district court to consider approving movants' settlement with Barclays under Fed. R. Civ. P. 23(e).

Laydon v. Mizuho Bank, Ltd., et al.

**MOVING PARTY:** Jeffrey Laydon  
**OPPOSING PARTY:** Barclays Bank PLC

☑ Plaintiff  ☐ Defendant  
☑ Appellant/Petitioner  ☑ Appellee/Respondent

**MOVING ATTORNEY:** Vincent Briganti  
**OPPOSING ATTORNEY:** See attached addendum

[name of attorney, with firm, address, phone number and e-mail]

Lowey Dannenberg, P.C.

44 South Broadway, Suite 1100, White Plains, NY 10601

(914) 997-0500, vbriganti@lowey.com

**Court- Judge/ Agency appealed from:** U.S. District Court for the Southern District of New York (George B. Daniels, USDJ)

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):  
☑ Yes  ☐ No (explain):_____

Opposing counsel's position on motion:  
☑ Unopposed  ☐ Opposed  ☐ Don't Know

Does opposing counsel intend to file a response:  
☐ Yes  ☑ No  ☐ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**  
Has this request for relief been made below?  ☐ Yes  ☑ No  
Has this relief been previously sought in this court?  ☐ Yes  ☑ No  
Requested return date and explanation of emergency: _____

Is oral argument on motion requested?  ☐ Yes  ☑ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?  ☐ Yes  ☑ No  If yes, enter date:_____

**Signature of Moving Attorney:**  
/s/ Vincent Briganti  **Date:** 04/28/2022  **Service by:** ☑ CM/ECF  ☐ Other [Attach proof of service]

Form T-1080 (rev.12-13)

# ADDENDUM

## LIST OF MOVING ATTORNEYS

*Plaintiff-Appellant-Cross-Appellee Jeffrey Laydon*

    Vincent Briganti
    Margaret C. MacLean
    LOWEY DANNENBERG, P.C.
    44 South Broadway, Suite 1100
    White Plains, NY 10601
    Tel: 914-997-0500
    Fax: 914-997-0035
    Email: vbriganti@lowey.com
    Email: mmaclean@lowey.com

## LIST OF OPPOSING ATTORNEYS

*Defendant–Appellee–Cross-Appellant Barclays Bank PLC*

    Leigh Nathanson
    KING & SPALDING LLP
    1185 Avenue of the Americas
    New York, NY 10036
    Tel.: 212-790-5359
    Email: lnathanson@kslaw.com

    Paul Mezzina
    Kathryn Running
    KING & SPALDING LLP
    1700 Pennsylvania Avenue, NW - Suite 900
    Washington, D.C. 20006
    Tel.: 202-626-8988
    Email: pmezzina@kslaw.com
    Email: krunning@kslaw.com

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

JEFFREY LAYDON, on behalf of himself and all others similarly situated,

                Plaintiff–Appellant–Cross-Appellee,

CALIFORNIA STATE TEACHERS' RETIREMENT SYSTEM,

                Intervenor Plaintiff,

OKLAHOMA POLICE PENSION AND RETIREMENT SYSTEM, STEPHEN P. SULLIVAN,

                Plaintiffs,

   v.

COOPERATIEVE RABOBANK U.A., BARCLAYS BANK PLC, SOCIETE GENERALE S.A.,

                Defendants–Appellees–Cross-Appellants,

THE ROYAL BANK OF SCOTLAND GROUP PLC, UBS AG, LLOYDS BANKING GROUP PLC, UBS SECURITIES JAPAN CO., LTD., THE ROYAL BANK OF SCOTLAND PLC, RBS SECURITIES JAPAN LIMITED, R.P. MARTIN HOLDINGS LIMITED, TULLETT PREBON PLC, ICAP PLC, ICAP EUROPE LIMITED,

                Defendants–Appellees,

JPMORGAN CHASE BANK, N.A., J.P. MORGAN SECURITIES PLC, JP MORGAN CHASE & CO., CITIBANK JAPAN LTD, CITIBANK, JAPAN LTD., BNP PARIBAS S.A., CREDIT AGRICOLE CORPORATE AND INVESTMENT BANK, NATIONAL ASSOCIATION, CITIGROUP INC., CHUO MITSUI TRUST AND BANKING CO.

Docket Nos. 20-3626 (L); 20-3775 (XAP)

LTD., SHINKIN CENTRAL BANK, UBS AG, JOHN DOE 1-10, NOS. 1-50, THE SUMITOMO MITSUI TRUST BANK, LIMITED, MARTIN BROKERS (UK) LTD., HSBC BANK PLC, HSBC HOLDINGS PLC, CITIGROUP GLOBAL MARKETS JAPAN, INC., RESONA BANK, LTD., THE SHOKO CHUKIN BANK, LTD., THE BANK OF YOKOHAMA, LTD., MIZUHO BANK, LTD., MIZUHO CORPORATE BANK, LTD., MIZUHO TRUST & BANKING CO., LTD., SUMITOMO MITSUI BANKING CORPORATION, THE BANK OF TOKYO-MITSUBISHI UFJ, LTD., MITSUBISHI UFJ TRUST AND BANKING CORPORATION, THE NORINCHUKIN BANK, SHINKIN CENTRAL BANK, CITIBANK, N.A., DEUTSCHE BANK AG,

                                           Defendants.

**PLAINTIFF-APPELLANT'S MOTION FOR (1) PARTIAL SEVERANCE OF APPEALS, (2) STAY OF THE SEVERED APPEALS, AND (3) LIMITED REMAND THEREOF FOR THE DISTRICT COURT TO CONSIDER APPROVAL OF SETTLEMENT UNDER FED. R. CIV. P. 23(e) AS TO DEFENDANT-APPELLEE-CROSS-APPELLANT BARCLAYS BANK PLC**

**INTRODUCTION**

Plaintiff-Appellant-Cross-Appellee Jeffrey Laydon ("Plaintiff-Appellant"), by his attorneys, moves for: (1) severance of his appeal (No. 20-3626) and the appeal of Defendants-Appellees-Cross-Appellants[1] (No. 20-3775)[2] with respect only to

---

[1] "Defendants-Appellees-Cross-Appellants" means Cooperatieve Rabobank U.A., Societe Generale S.A., and Barclays Bank PLC.

[2] Plaintiff-Appellant's appeal (No. 20-3626) and the appeal of Defendants-Appellees-Cross-Appellants (No. 20-3775) are collectively referred to as the "Appeals."

2

Defendant-Appellee Barclays Bank PLC ("Barclays"); (2) stay of the severed Appeals as to Barclays; and (3) limited remand of that portion of the matter concerning Barclays to the district court to consider the approval of a proposed class action settlement between Plaintiff-Appellant and Barclays (the "Settlement") pursuant to Fed. R. Civ. P. 23(e).

Barclays consents in the request for this relief.

Under Rule 23(e), the proposed Settlement must be approved by the district court. The purpose of this motion is to permit the district court to undertake the proceedings required to approve a class action settlement. If this Court approves the severance, stay, and limited remand, Plaintiff-Appellant will move the district court for preliminary approval of the Settlement. If preliminary approval is granted, notice of the proposed Settlement will be issued to class members, and the district court will hold a hearing to consider the final approval and effectuation of the proposed Settlement.

## BACKGROUND

This putative class action was brought against the banks (and related companies) that together constituted the panel of contributor banks whose individual daily submissions to the British Bankers Association and Japanese Bankers Association were used to compile and publish the London Interbank Offered Rate for Japanese Yen ("Yen-LIBOR") and the Tokyo Interbank Offered Rate ("Euroyen

3

TIBOR"), respectively. Plaintiff-Appellant claims, *inter alia*, that the defendant banks individually and collectively manipulated Yen-LIBOR and Euroyen TIBOR and the prices of Euroyen-based derivatives during the class period. The alleged manipulation of defendants' Yen-LIBOR and Euroyen TIBOR submissions allegedly caused Plaintiff-Appellant and those similarly situated to pay artificial prices for Euroyen-based derivatives during the class period. Plaintiff-Appellant asserted statutory claims arising under the Commodity Exchange Act, 7 U.S.C. § 1 *et seq.* ("CEA"); Sherman Act, 15 U.S.C. § 1 *et seq.*; Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968 ("RICO"); and a common law claim against the defendants for unjust enrichment. Plaintiff-Appellant's pending appeal concerns: (1) the dismissal of Plaintiff-Appellant's antitrust claims for lack of antitrust standing; (2) the dismissal of Plaintiff-Appellant's CEA claims as impermissibly extraterritorial; (3) the denial of Plaintiff-Appellant's proposed extension of the class period by six months to include the first half of 2011; and (4) the dismissal of Plaintiff-Appellant's claims against ICAP Europe Ltd., Tullett Prebon plc, and Lloyds Banking Group plc for lack of personal jurisdiction. *See Laydon v. Mizuho Bank, Ltd.*, No. 12-CV-3419 (GBD), 2014 WL 1280464, at *1 (S.D.N.Y. Mar. 28, 2014); *Laydon v. Mizuho Bank, Ltd.*, No. 12-CV-3419 (GBD), 2015 WL 1515358 (S.D.N.Y. Mar. 31, 2015); *Laydon v. Mizuho Bank, Ltd.*, No. 12-CV-3419 (GBD), 2015 WL 1515487 (S.D.N.Y. Mar. 31, 2015); Memorandum

4

Decision and Order, *Laydon v. Mizuho Bank, Ltd.*, No. 12-CV-3419 (GBD) (S.D.N.Y. Mar. 10, 2017), ECF No. 750; Memorandum Decision and Order, *Laydon v. Mizuho Bank, Ltd.*, No. 12-CV-3419 (GBD) (S.D.N.Y. Aug. 27, 2020), ECF No. 1032. Defendants-Appellees-Cross-Appellants' appeal concerns whether the district court abused its discretion by denying as untimely the Defendants-Appellees-Cross-Appellants' request for leave to move to dismiss the claims against them for lack of personal jurisdiction. Order, *Laydon v. Mizuho Bank, Ltd.*, No. 12-CV-3419 (GBD) (S.D.N.Y. Nov. 10, 2014), Dkt. No. 409. As of August 24, 2021, Plaintiff-Appellant's appeal has been fully briefed (Dkt. No. 245), and as of September 24, 2021, Defendants–Appellees–Cross-Appellants' appeal has been fully briefed. Dkt. No. 251. Oral argument for the Appeals is scheduled for May 24, 2022.

After the Appeals were docketed and fully briefed, Plaintiff-Appellant reached an agreement to settle his claims against Barclays, executing a binding term sheet on March 4, 2022. Plaintiff-Appellant and Barclays anticipate executing a stipulation and agreement of settlement shortly that, if approved pursuant to Rule 23(e), would resolve the claims in this matter against Barclays only. The proposed settlement and this motion do not affect Plaintiff-Appellant's appeal with respect to the remaining Defendants-Appellees, or the remaining Defendants-Appellees-Cross-Appellants' appeal with respect to Plaintiff-Appellant.

5

# ARGUMENT

**I. The Requested Severance, Stay, And Limited Remand Of The Matter As To Barclays Only Will Facilitate The Prompt Consideration Of The Barclays Settlement For Approval And Permit The Pending Appeals As To The Remaining Defendants-Appellees And Defendants–Appellees–Cross-Appellants To Move Forward.**

**1. The Court Should Sever The Appeals As To Barclays**

To promote fair and appropriate management of matters before it, including to further settlements among parties, this Court has severed parties and issues in appeals. *See Sonterra Capital Master Fund, LTD. et al. v. Barclays Bank PLC,* No. 19-2979 (2d Cir.), ECF No. 169 (order granting motion to sever, remand and stay for limited purpose of considering class action settlement as to one defendant); *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, No. 17-1569 (2d Cir.), ECF Nos. 466, 656, 704, 723 (orders remanding partially severed appeals following proposed class action settlements between certain plaintiffs-appellants and certain defendants-appellees); *U.S. v. Sassano*, 293 Fed. Appx. 100, 100 n.1 (2d Cir. 2008)[3] (summary order) (co-defendant's appeal severed and expedited "in light of [his] medical condition"); *Whelan v. Brinegar*, 538 F.2d 924, 926 (2d Cir. 1976) (portion of appeal brought to wrong appellate court "severed and dismissed"); *In re Prudence Bonds Corp.*, 122 F.2d 258, 262 n.2 (2d Cir. 1941) ("[S]ettlements [were] effected in the

---

[3] Unless otherwise noted, internal citations and quotation marks are omitted, and emphasis is added.

6

appeals which have been severed and discontinued."). In the present instance, severance is appropriate as there is a proposed Settlement between Barclays and Plaintiff-Appellant that, if approved, would resolve as to Barclays the action that is the subject of the pending Appeals.

The Court's authority to sever the Appeals as to Barclays should be exercised, as such severance will also serve to promote the judicial policy that strongly favors settlement of litigation. *See Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 117 (2d Cir. 2005) ("The compromise of complex litigation is encouraged by the courts and favored by public policy."); *accord In re PaineWebber Ltd. P'ships Litig.*, 147 F.3d 132, 138 (2d Cir. 1998). The policy interest of promoting settlements "is even stronger in the context of large-scale class actions" such as the present matter. *Bano v. Union Carbide Corp.*, 273 F.3d 120, 129-130 (2d Cir. 2001).

The relief sought in this present motion is narrowly drawn. Severing the Appeals as to Barclays will permit the merits of the Appeals as to the remaining Defendants-Appellees and Defendants–Appellees–Cross-Appellants to proceed without delay, while enabling the prompt review and evaluation of the Settlement with Barclays. Should the district court grant final approval of the proposed Settlement, it will result in the Appeals as to Barclays being dismissed with prejudice.

## 2. The Court Should Stay The Severed Appeals Until 31 Days After The Rule 23(e) Proceedings On The Settlement Are Complete.

A stay of the severed Appeals is appropriate to allow the district court to consider the proposed Settlement of this class action litigation as to Barclays. *See Ligon v. City of New York*, 743 F.3d 362 (2d Cir. 2014) (appeal in class action stayed to permit limited remand to district court for settlement negotiations). The requested stay will preserve the current status quo as between Plaintiff-Appellant and Barclays until the proposed Settlement is fully executed and finally approved or disapproved under Rule 23(e).[4] It will not affect the Appeals with respect to parties who have not settled.

Rule 23(e) requires the district court's approval of a class action settlement. The customary procedures include preliminary approval of a proposed settlement; conditional certification of a settlement class; approval of plans of allocation of the settlement proceeds and of notice to class members; a period for notice to the class;

---

[4] Dismissal of the severed appeal without prejudice to reinstatement pursuant to Second Circuit Local Rule 42.1 would not adequately protect Plaintiffs-Appellants and the class. Although not addressing Rule 42.1, this Court has held that the procedure contemplated by that rule is ineffective to preserve the appellants' right to pursue the appeal beyond the original appeal period. *See U.S. v. Vilar*, 645 F.3d 543, 547 (2d Cir. 2011) (dismissal of the appeal "oust[s] [the Court] of appellate jurisdiction," so that any attempt to reinstate the appeal after the time for filing a notice of appeal and any possible extensions would be ineffective; the Court "can no longer take appellate jurisdiction over [the] appeal."). As the Court explained: "Because a stay never ousts us of appellate jurisdiction, it avoids the jurisdictional constraints of Rule 4." *Id.*

8

submission of any objections to or requests to be excluded from the proposed settlement; and a hearing on a motion for final approval of the settlement and the settlement class. It is therefore likely that the Rule 23(e) process will take several months and could involve an appeal. The requested stay would expire by its terms 31 days after completion of the Rule 23(e) proceedings and any related appeal. At that time, if the proposed Settlement has been approved, the severed Appeals as to Barclays would be dismissed with prejudice. If the Settlement has been disapproved, the severed Appeals as to Barclays will proceed in a manner that is appropriate at that time.

> **3. The Court Should Remand The Matter To The District Court For The Limited Purpose Of Considering Approval Of The Proposed Settlement As Provided In Rule 23(e).**

Remand of the severed action as to Barclays is necessary to advance Plaintiff-Appellant's and Barclays' efforts to resolve their dispute. *See, e.g., Ligon*, 743 F.3d at 365 (approving stay and limited remand to explore the possibility of a settlement of a class action). The only way this proposed Settlement can be effectuated is through a remand for the limited purpose of evaluating the proposed settlement, because Rule 23(e) requires the district court to approve a class action settlement. *See, e.g., Sonterra Capital Master Fund Ltd. v. Barclays Bank PLC*, No. 19-2979 (2d Cir.), ECF No. 169 (order remanding partially severed appeal following proposed class action settlement between certain plaintiffs-appellants and

9

defendant-appellee); *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, No. 17-1569 (2d Cir.), ECF Nos. 466, 656, 704, 723 (orders remanding partially severed appeals following proposed class action settlements between certain plaintiffs-appellants and certain defendants-appellees); *Sullivan et al. v. Barclays PLC et al.*, No. 19-1769 (2d Cir.), ECF Nos. 148-149 (same); *see also Dugan v. Towers, Perrin, Forster & Crosby, Inc.*, No. 09-cv-5099, 2013 WL 5330116 at *1 (E.D. Pa. Sept. 24, 2013) ("limited remand" where parties negotiated class action settlement during pendency of appeal); *Nieberding v. Barrette Outdoor Living, Inc.*, No. 12-cv-2353-DDCTJJ, 2015 WL 1645798 at *2 (D. Kan. Apr. 14, 2015) ("limited remand to the . . . District Court to allow that court to conduct any and all appropriate proceedings necessary to consider the parties' proposed settlement."); *In re Crocs, Inc. Sec. Litig.*, Nos. 07-cv-02351, 02412, 02454, 02465, and 02469, 2013 WL 4547404 at *1 (D. Colo. Aug. 28, 2013) (remand "on a limited basis" so district court could "consider fully the parties' proposed class settlement.").

**WHEREFORE**, Plaintiffs-Appellants respectfully request that the Court sever Appeals Nos. 20-3626 and 20-3775 as to Barclays only, stay the severed Appeals until 31 days after completion of the Rule 23(e) proceedings and any related appeal, and remand the severed matter for the limited purpose of proceedings in the district court pursuant to Rule 23(e), while retaining appellate jurisdiction to conduct appropriate proceedings in the severed Appeals after expiration of the stay.

Dated: April 28, 2022

/s/ Vincent Briganti
Vincent Briganti
Margaret MacLean
LOWEY DANNENBERG, P.C.
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Email: vbriganti@lowey.com
Email: mmaclean@lowey.com

*Attorneys for Plaintiff-Appellant-Cross-Appellee (Appeal Nos. 20-3626, 20-3775)*

## CERTIFICATE OF COMPLIANCE

I hereby certify that:

1.  This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) because it contains 1939 words, exclusive of the exempted portions, as counted by Microsoft Word for Microsoft 365, the word-processing program used to prepare the motion; and

2.  The motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6), as the text appears in 14-point Times New Roman font, a proportionally spaced typeface.

Dated: April 28, 2022                                /s/ Vincent Briganti
                                                                                        Vincent Briganti

## CERTIFICATE OF SERVICE

I, Vincent Briganti, hereby certify that on April 28, 2022 I caused a copy of the foregoing motion to be served on all parties through the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Vincent Briganti
Vincent Briganti

13